IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Erin Swike,                                    )
                                               )
    Plaintiff,                                )
                                               )
v.                                             )   No.  1:17-CV-273
                                               )
Credit Control, LLC, a Missouri                )
limited liability company,                     )
                                               )
    Defendant.                                )   <u>Jury Demanded</u>

## COMPLAINT

Plaintiff, Erin Swike, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Erin Swike ("Swike"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Macy's account.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Swike.

5. Defendant Credit Control is authorized to conduct business in the State of Indiana and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Credit Control conducts business in Indiana.

6. Defendant Credit Control is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B. In fact, Defendant Credit Control acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Defendant Credit Control sent Ms. Swike an initial collection letter, dated October 26, 2016, demanding payment of a debt she allegedly owed for a Macy's account. A copy of this letter is attached as Exhibit C.

8. As is her right under the FDCPA, Ms. Swike responded to Credit Control's collection attempt on November 29, 2016, with a letter refusing to pay the debt. This letter was delivered to Defendant on December 5, 2016 by the United States Postal Service. A copy of this letter and the delivery confirmation are attached as Group Exhibit D.

9. Undeterred, Defendant Credit Control sent Ms. Swike another collection letter, dated January 19, 2017, demanding payment of the Macy's debt. A copy of this letter is attached as Exhibit E.

10. Defendant's violations of the FDCPA were material because, although Plaintiff believed that she had the right to refuse to pay this debt and to demand the collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

11. All of Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

13. Section 1692c(c) of the FDCPA prohibits a debt collector from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Swike told Defendant that she refused to pay the debt (Group Exhibit D). By continuing to demand payment of the debt, by sending Ms. Swike the January 19, 2017 letter (Exhibit E), Defendant Credit Control violated § 1692c(c) of the FDCPA.

15. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Erin Swike, prays that this Court:

1.      Find that Defendant's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Swike, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Erin Swike, demands trial by jury.

Erin Swike,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 27, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
9465 Counselors Row
Suite 200
Indianapolis, Indiana 46240
(317) 805-4717
(317) 732-7511 (FAX)
shalbertlaw@gmail.com

4